UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00554-GNS-CHL

PETER TRAN, et al.                                                                                      Plaintiffs,

v.

BIGO TECHNOLOGY PTE. LTD., et al.                                                         Defendants.

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion to Amend the Complaint filed by Plaintiffs Peter Tran ("Tran") and BVN Beauty Supplies, LLC ("BVN"). (DN 17.) Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a response and a reply in opposition. (DNs 18, 19.) Plaintiffs did not file a reply, and the time to do so has expired. Therefore, the motion is ripe for review.

**I.      BACKGROUND**

On September 12, 2022, Plaintiffs filed suit alleging consumer-protection type claims against Defendants Chase and BIGO Technology PTE. LTD. ("BIGO") arising from unauthorized withdrawals from Plaintiffs' bank account operated by Chase. (DN 17 at PageID # 1; *see also* DN 1.) The action was removed on the basis of diversity to this Court on October 17, 2022. (*Id.*) Plaintiffs allege that Chase electronically transferred $61,044 from Plaintiffs' bank accounts to an account belonging to BIGO without Plaintiffs' authorization.

During a period of informal discovery, Chase represented to Plaintiffs that Tran's account was a "business account," and Plaintiffs concurred. Plaintiffs then filed the instant motion asserting that the Electronic Funds Transfer Act and provisions of the Kentucky Consumer Protection Act ("KCPA") alleged in Counts I, V, and IV of the Complaint were not applicable to business accounts. Plaintiffs now seek to withdraw the applicable claims, thereby removing Peter

Tran as a plaintiff and BIGO as a defendant. (*Id.*) In addition, Plaintiff BVN seeks to assert a new claim against Chase under the Kentucky's Uniform Commercial Code. (*Id.*)

In response, Chase moves the Court to exercise its discretion under Federal Rules of Civil Procedure 15(a)(2) and 41 to condition the requested amendment on dismissal of the withdrawn claims with prejudice. (DN 18-2 at 117.) In the alternative, Chase moves for a judgment on the pleadings for dismissal of the claims with prejudice. (DN 18 at 92-94.) Lastly, Chase argues that Plaintiffs' proposed Order is drafted to "prematurely determine" that BVN's first amended complaint relates back to the date of the original complaint. (*Id.* at 90-81; *see* DN 17-2 at 89.) Chase requests that any argument regarding the timeliness of BVN's new claim under Kentucky's Uniform Commercial Code be reserved for future briefing and defense by Chase.

## II.   DISCUSSION

The substance of Plaintiffs' amendments is not in dispute. Chase and Plaintiffs concur that Plaintiffs' withdrawn claims are foreclosed as a matter of law. Thus, Chase does not oppose the withdrawal of Plaintiffs' claims in principle. Nor does Chase take issue with Plaintiffs' added claim. Rather, Chase disputes the procedural effect of claims withdrawn or dropped pursuant to a Rule 15(a)(2) amendment. Specifically, Chase asserts that Plaintiffs' decision not to reassert claims from its original complaint in the amended complaint amounts to a dismissal without prejudice of those claims. Chase moves the Court not to deny Plaintiffs' motion but to grant the amendment on the condition that Plaintiffs' withdrawn claims are dismissed with prejudice. The Court will not do so, and Plaintiffs' motion shall be granted without conditions. In the alternative, Chase moves the Court for a judgment on the pleadings regarding the withdrawn claims. Chase's

motion shall be as denied as moot. The Court will address each of the motions below, starting with Plaintiffs' motion for leave.

### A. Plaintiffs' Motion for Leave to Amend

After a responsive pleading has been filed, parties may only amend complaints by leave of court or with consent from the opposing party. *See* Fed. R. Civ. P. 15(a)(1)-(2). When parties seek leave of court, as Plaintiffs have done here, Rule 15(a)(2) commands courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has explained that Rule 15(a)(2) reflects a "liberal policy of permitting amendments to insure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Thus, courts should freely give leave in the absence of factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

Plaintiffs assert that the proposed amendment is not unduly prejudicial to Chase because it does not change the "fundamental nature" of the case, does not affect the scheduling of the case, and will not cause undue delay as it was timely filed within the deadline to amend pleadings set by scheduling order. (DN 17 at 76.) The Court agrees. This is Plaintiffs' first amendment, and the facts alleged remain the same. By dropping three claims and two parties in favor of adding one claim between the remaining parties, Plaintiffs have significantly narrowed the issues in this case. Plaintiffs' motion was brought in the early stages of this litigation with several months before

close of discovery and before pretrial deadlines were set. Further, Chase has not asserted prejudice or undue delay from amendment, and there is no independent basis for the Court to find that Chase is prejudiced or unduly delayed by amendment. Chase recognized the complaint's deficiencies before even Plaintiffs. Chase communicated the deficiency to Plaintiffs, who subsequently filed the instant motion. Chase did not file any dispositive motions regarding the claims at issue, despite being the first to recognize that a dispositive motion could eliminate the claims. Thus, Chase cannot be prejudiced when armed with at least the same notice as Plaintiffs regarding the insufficiency of Plaintiffs' claims. (*Id.* at 75-76.) Given that that the amendment poses no prejudice or disadvantage to Chase, the Court finds that the amendment is otherwise permissible and will allow the filing of Plaintiff BVN's amended complaint (DN 17-1).

### B. Condition of Dismissal on Grant of Leave to Amend

In its response, Chase moves the Court to exercise its discretion under Rule 15(a)(2) to grant the filing of Plaintiffs' amended complaint on the condition that Plaintiffs' dropped claims are dismissed with prejudice to avoid harm and unfair prejudice to Chase. The Court will first address the basis for imposing such a condition. Courts in the Sixth Circuit have acknowledged that the withdrawal of claims as part of a motion to amend "overlaps" with the provisions of Rule 41(a)(2)" governing voluntary dismissals. *Innovation Ventures, LLC v. N2G Distrib., Inc*., No. 08-10983, 2009 WL 6040220, at *2 (E.D. Mich. July 10, 2009). Under Rule 41(a)(2), an action may be dismissed *at the plaintiff's request* only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2) (emphasis added). In *Innovation*, the plaintiff sought to drop a claim by amendment under Rule 15 but requested that the claim be dismissed with prejudice. *Id.* The court noted that "this request to 'dismiss' an existing count" caused overlap between Rules 15

and 41 because Rule 41, unlike Rule 15, allows for dismissal with prejudice and "this difference is not insignificant." *Id.* The court reasons that the "[t]he discretion to allow a party to withdraw a count in a complaint as part of a motion to amend appears to have similar limits to the discretion of the court to reach the same conclusion under Rule 41." *Id.* The dismissal with prejudice in amendment was allowed as a more efficient option than to "insist that plaintiffs [file] a separate motion [under Rule 41] to accomplish a similar result." *Id.* Like in *Innovation*, it is not unusual for plaintiffs that are dropping claims through amendment to also request that those claims be dismissed. For example, a plaintiff facing a dispositive motion that threatens to permanently dismiss a claim may instead elect to withdraw that claim through amendment and request that the withdrawal be without prejudice. In doing so, the movant preserves the ability to reassert that claim, and this is not a prohibited strategy. "Generally, in the absence of prejudice to the defendants, a court will allow a plaintiff to amend under Rule 15[b] to prevent dismissal." *Mario's Enterprises, Inc. v. Morton-Norwich Prod., Inc.*, 487 F. Supp. 1308, 1310 (W.D. Ky. 1980) (citation omitted). The Parties need look no further than Chase's supportive citation to a Fourth Circuit case for illustration. *See Martin v. MCAP Christiansburg, LLC*, No. 7:14CV464, 2015 WL 540183, at *1 (W.D. Va. Feb. 10, 2015).

In *Martin*, the plaintiff in a federal action dropped a claim by not reasserting it in an amended complaint and then proceeded to bring that same claim against the defendant in state court. *Id*. Like Chase, the defendants in *Martin* objected to the revival of the dropped claims. *Id*. The *Martin* defendants reasoned that because the plaintiff had failed to obtain a voluntary dismissal of that claim pursuant to Rule 41, the plaintiff should not be permitted to re-file the claim in state court. *Id*. The plaintiff then moved to voluntarily dismiss the claim in the event the court found

such a dismissal to be necessary. *Id.* It did not. The *Martin* court denied plaintiff's motion, finding it "could not dismiss a claim that was not before it." *Id.* at *2. That is because an original complaint and the claims therein, once amended, become "treated as nonexistent." *Klyce v. Ramirez,* No. 87-5176, 1988 WL 74155, at *3 (6th Cir. July 19, 1988) (citations omitted).

Chase relies on *Bliss* to assert that a dropped claim is the same as a voluntary dismissed claim. *See Bliss Collection, LLC v. Latham Companies, LLC,* No. 5:20-CV-217-CHB, 2021 WL 2651811, at *3 (E.D. Ky. June 28, 2021), rev'd, 82 F.4th 499 (6th Cir. 2023). When considering the context, the overlap contemplated in *Bliss* has no relevance here. In *Bliss*, the defendant sought to assert claims for attorneys' fees against the plaintiff's dismissed claims and dropped claims. *Id.* Dismissed claims were those dismissed by the court in defendant's favor, which may have resulted in claims for attorneys' fees by the prevailing parties. *Id.* The issue was that the defendant also sought to assert a counterclaim for attorneys' fees as the "prevailing party" against plaintiff's dropped claims, which were claims not reasserted in an amended complaint. *Id.* The court disagreed, holding that the defendant could not be a "prevailing party" against a dropped claim because, in the context of claims of attorneys' fees, a dropped claim was effectively the same as a voluntarily dismissed claim. The *Bliss* court was not confronted with imposing a condition, much less that of dismissal with prejudice, and went as far as to acknowledge that plaintiffs were under no obligation to voluntarily dismiss the claim under Rule 41 even if it was true that they did not intend to pursue it. *Id.* at fn. 4. The same is true here. While it is clear that Rule 15(a)(2) amendments may sometimes operate similarly to a Rule 41(a)(2) voluntary dismissal without prejudice, Chase failed to set forth any authority to allows the Court to impose a condition on a Rule 15 amendment as it would in the discretion to grant a Rule 41(a)(2) dismissal.

Nor does Chase point to any authority supporting that the reason for Plaintiffs' withdrawal should factor into the Court's decision to impose a dismissal with prejudice, even if that reason is that the claim is foreclosed as a matter of law. If the Court were to consider Plaintiffs' Rule 15 amendment as tantamount to a Rule 41 voluntary dismissal, "an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). Courts may consider factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citations omitted). Here, Chase argues that it will be prejudiced if Tran resuscitates his claims at a later date. The prospect of a second lawsuit is not enough to warrant dismissal with prejudice, even if Plaintiff cannot presently articulate a basis for bringing such a lawsuit. Chase's assertion that it has spent seven months litigating this action is likewise unpersuasive because Plaintiffs' motion was filed early in the case and within deadlines, and the substance of the allegations against Chase remains the same. Thus, given that a dismissal with prejudice would not have been warranted here, the Court sees no basis to impose a condition of dismissal with prejudice on Plaintiffs' withdrawn claims. As far as the Court is concerned, Plaintiffs' withdrawn claims are nonexistent once granted.

**C. Defendant's Motion for Judgment on the Pleadings**

In the alternative, Chase moves the Court for a judgment on the pleadings to dismiss with prejudice Plaintiffs' dropped claims. Once amended, however, "a prior complaint is a nullity,

because an amended complaint supersedes all prior complaints." *Drake v. City of Detroit*, 266 Fed.Appx. 444, 447 (6th Cir. 2008) (quoting *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Glass v. The Kellogg Co.,* 252 F.R.D. 367, 368 (W.D. Mich. 2008) (quoting *Cedar View, Ltd. v. Colpetzer,* 2006 WL 456482, *5 (N.D.Ohio Feb. 24, 2006) (the "earlier motion to dismiss ... and motion for judgment on the pleadings ... are denied as moot, as they refer to a version of the complaint that has since been replaced...."); *Ky. Press Ass'n, Inc. v. Ky.,* 355 F.Supp.2d 853, 857 (E.D.Ky.2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir.2000)), *app. dis.,* 454 F.3d 505 (6th Cir.2006). Here, the claims at issue are no longer in live dispute following this Court's granting of Plaintiffs' motion to amend and filing of the first amended complaint (DN 17-1). The Court cannot dismiss a claim that is not currently before it, therefore the motion is denied as moot.

### D. Relation Back of the First Amended Complaint

As Chase correctly points out, Plaintiffs' proposed Order predetermines that the amended complaint "shall relate back to the filing of the original complaint for all purposes." (DN 17-2 at 89). Plaintiffs did not file a reply, and Chase makes only a perfunctory mention of the relation back provision as it relates to BVN's added claim under Kentucky's Uniform Commercial Code. For this reason, the Court will not adopt Plaintiffs' proposed Order and declines to rule on an issue that neither Party has moved the Court to resolve.

### III.     ORDER

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Plaintiffs' motion to amend (DN 17) is **GRANTED**.

January 30, 2024

Colin H Lindsay, Magistrate Judge
United States District Court

cc:     Counsel of Record